**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony G. Brokaw, husband, et al., | No. CV13-1726 PHX DGC |
| Plaintiffs, | |
| v. | **ORDER** |
| United States of America, | |
| Defendant. | |

Defendant United States has filed a motion to dismiss the claim of Plaintiff Deanna Brokaw. Doc. 9. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will grant the motion.

**I.   Background.**

This case arises from an automobile accident involving Plaintiff Anthony Brokaw and an employee of the Federal Bureau of Investigation. Doc 9 at 2:3-5. Mr. Brokaw filed an administrative claim for the injuries caused by the accident. Doc 9 at 2:6-7. The administrative claim lists no other claimants. Doc. 9, Ex. 1. Plaintiff Deanna Brokaw did not file a separate administrative claim. Doc 9 at 2:10-11.

Plaintiffs filed suit under the Federal Tort Claims Act ("FTCA"). Doc 5 at 2:7-8. Plaintiffs seek damages for Mrs. Brokaw for loss of company, companionship, and consortium. Doc 5 at 4:9-12. Defendant filed a motion to dismiss Mrs. Brokaw's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc 9 at 1:20-24.

**II.     Analysis.**

The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the court. *See* Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court is not limited to allegations in the pleadings if the jurisdictional issue is separable from the merits of the case. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The Court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine*, 704 F.2d at 1077; *see Roberts*, 812 F.2d at 1177.

Defendant contends that the Court lacks subject matter jurisdiction over Mrs. Brokaw's claims because she failed to exhaust her administrative remedies as required by the FTCA. Doc 9 at 1:22-25. Plaintiffs argue that Mrs. Brokaw did not need to file a separate administrative claim because a loss of consortium claim is derivative in Arizona and included under the injured party's claim. Doc. 11 at 1:24-2:1. Plaintiffs do not dispute that Mrs. Brokaw failed to file an administrative claim. Doc 11 at 2:8-9.

The FTCA authorizes private tort actions against the United States when the claimant has exhausted her administrative remedies. *Jerves v. U.S.*, 966 F.2d 517, 518 (9th Cir. 1992). "An action shall not be instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency[.]" 28 U.S.C. § 2675(a). Administrative exhaustion of claims is a prerequisite for district court jurisdiction. *McNeil v. U.S.*, 508 U.S. 106, 113 (1980).

The derivative nature of Mrs. Brokaw's claim does not excuse her failure to comply with the FTCA exhaustion requirements. In *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983), the court upheld the dismissal of a spouse's claim for loss of consortium because she failed to exhaust FTCA claim procedures. The Ninth Circuit explained that "[t]he primary goal of the procedures established by the FTCA is to facilitate satisfactory administrative settlements," and the spouse's "failure to file a claim

1   for loss of consortium precluded the possibility of any such settlement." *Id.* The same is
2   true here. Whether derivative or not, Mrs. Brokaw's loss of consortium claim was not
3   identified in the claim form submitted by Mr. Brokaw and Mrs. Brokaw was not
4   identified as a claimant. *See* Doc. 9, Ex. 1. As a result, the United States was afforded
5   no opportunity to consider or resolve Mrs. Brokaw's claim before litigation, frustrating
6   the goal of the FTCA exhaustion requirement. This Court has previously dismissed a
7   loss of consortium claim for failure to exhaust FTCA procedures, *see Jarrett v. United
8   States*, CV 05-78 TUC DCB, 2006 WL 571629, *3 (D. Ariz. Mar. 7, 2006), as have other
9   district courts within the Ninth Circuit, *see Dugan v. United States*, C06-5705RBL, 2008
10 WL 65504, *1 (W.D. Wash. Jan. 4, 2008).

11   **IT IS ORDERED** that the Defendant's motion to dismiss (Doc. 9) is **granted**.
12 Plaintiff Deanna Brokaw's loss of consortium claim is dismissed for lack of subject
13 matter jurisdiction.

14   Dated this 30th day of January, 2014.

David G. Campbell
United States District Judge